STATE OF VERMONT

SUPERIOR COURT　　　　　　　　　　　　　　　　CIVIL DIVISION
WINDHAM UNIT　　　　　　　　　　　　　　　　　DOCKET NO.

| | |
|---|---|
| REBECCA WAXMAN )<br>)<br>　　　Plaintiff )<br>)<br>　　　v. )<br>)<br>VOLKSWAGEN GROUP OF AMERICA, INC. )<br>and )<br>VOLKSWAGEN AKTIENGESELLSHAFT )<br>)<br>　　　Defendants ) | **RECEIVED**<br>**U.S. DISTRICT COURT**<br>MAR 17 2016<br>2:16-CV-57<br>RUTLAND, VT |

## COMPLAINT

NOW COMES the Plaintiff, Rebecca Waxman, by and through her attorneys, Phillips, Dunn, Shriver & Carroll, P.C., and hereby alleges as follows:

1. Plaintiff Rebecca Waxman is an individual residing in Dummerston, Windham County, Vermont.

2. Defendant Volkswagen Group of America, Inc. ("VGOA") is a New Jersey corporation with its headquarters in Herndon, Virginia. On information and belief, it is a subsidiary of defendant Volkswagen Aktiengesellshaft.

3. Defendant Volkswagen Aktiengesellshaft ("VAG") is a German corporation with its headquarters in Wolfsburg, Germany.

4. VAG designs and manufactures motor vehicles, including but not limited to passenger vehicles bearing the general name "Volkswagen." Vehicles bearing the Volkswagen brand are sold throughout the United States.

FILED

FEB 5 - 2016

Vermont Superior Court
Windham Unit

5. VAG manufactures Volkswagen vehicles in the United States, and regularly advertises those vehicles for sale throughout the United States, with the intent to market to customers throughout the United States, including but not limited to potential customers in Vermont.

6. VGOA manufactures Volkswagen vehicles in the United States, and regularly advertises those vehicles for sale throughout the United States, with the intent to market to customers throughout the United States, including but not limited to potential customers in Vermont.

7. VGOA is registered to do business in the State of Vermont and does business in the State of Vermont.

8. Defendant VGOA maintains a website that directs potential consumers, including Vermont residents, to different dealers both within and outside the State of Vermont as potential sources for purchasing Volkswagen vehicles. That website includes designating dealerships outside the State of Vermont as potential dealers where a Vermont resident could purchase a Volkswagen vehicle.

9. On March 31, 2015, Ms. Waxman purchased a new Volkswagen diesel automobile, Vehicle Identification Number 3VWPL7AJ6EM600030 (the "Vehicle") in Auburn, ME.

10. The Vehicle was designed by either VAG or VGOA.

11. The Vehicle was manufactured by either VAG or VGOA.

12. The Vehicle was advertised for sale with mileage and fuel economy estimates prepared and/or approved by VGOA and VAG.

FILED

FEB 5 - 2016

Vermont Superior Court
Windham Unit

13. Ms. Waxman purchased the Vehicle in reliance on the truth and veracity of the mileage and fuel economy estimates prepared and/or approved by VGOA and VAG.

14. The mileage and fuel economy estimates for the Vehicle (and all other vehicles) are required by government regulations, and must be prepared and made consistent with government regulated and established emissions standards.

15. When Ms. Waxman relied on the mileage and fuel economy estimates for the Vehicle, she did so in reliance that they were prepared, made, and published consistent with the government regulated and established emissions standards.

16. Ms. Waxman paid $27,234.00 for the Vehicle.

17. Defendant VAG knowingly and purposely included software and/or hardware in the Vehicle that allowed the Vehicle to detect when emissions testing was occurring, and make internal changes to the fuel and air mix so that the cars would seem to pass emissions testing. During the testing procedure, when the software and/or hardware was operating in its "Defeat Device" mode, the fuel efficiency of the vehicles was reduced. By including this software and/or hardware (which reverted to ordinary fuel and air mix when emissions were not being tested), the vehicles appeared to meet the published mileage and fuel economy standards when operated by consumers, but during such operations the vehicles were violating emissions standards.

18. VAG and VGOA repeatedly advertised and promoted its diesel vehicles containing the Defeat Device as low emission and high efficiency products.

19. VAG and VGOA knew that vehicles with the Defeat Device installed could only reach the advertised fuel efficiency standards if the vehicles had emissions in excess of those permitted by federal law and regulations.

FILED

FEB 5 - 2016

Vermont Superior Court
Windham Unit

20. VAG designed and installed the Defeat Device to avoid compliance with federal regulations.

21. By designing and installing the Defeat Device, VAG knew that it was offering vehicles for sale that would be operated by consumers at emission levels that were not permitted by federal law and regulation.

22. The emission standards established by federal law and regulation were and are designed to protect the health and safety of consumers.

23. On information and belief, VGOA knew of the Defeat Device installation and its purpose.

24. VAG has admitted that it was improper and illegal to install the Defeat Device in vehicles for sale to customers in the United States.

25. VAG has admitted that it knowingly and purposely deceived customers.

26. VGOA has admitted that it knowingly and purposely deceived customers.

27. VGOA has admitted that it was improper and illegal to install the Defeat Device in vehicles for sale to customers in the United States.

28. Ms. Waxman would not have purchased the Vehicle if she had known about the Defeat Device.

29. Ms. Waxman would not have purchased the Vehicle if the correct mileage and fuel economy estimates had been published.

30. Ms. Waxman would not have purchased the Vehicle if she had known that the Vehicle would be operated in violation of emission standards.

31. The value of the Vehicle has been greatly reduced as a result of the actions of VAG and VGOA.

FILED
FEB 5 - 2016
Vermont Superior Court
Windham Unit

## COUNT ONE

### VERMONT CONSUMER FRAUD ACT
### VOLKSWAGEN GROUP OF AMERICA, INC.

32. Plaintiff repeats the allegation in all preceding paragraphs.

33. The Vermont Consumer Fraud Act provides that a consumer who contracts for goods in reliance on fraudulent representations or unfair trade practices and sustains damages or injury may sue and recover from the seller or other violator equitable relief or damages or the consideration paid, plus attorneys' fees, and exemplary damages not exceeding three times the consideration paid.

34. The inclusion of the Defeat Device was an unfair trade practice in violation of the Vermont Consumer Fraud Act.

35. The misrepresentation of fuel economy and mileage estimates was a fraudulent representation and an unfair trade practice in violation of the Vermont Consumer Fraud Act.

36. Defendant VGOA actively participated as a seller or other violator in the above referenced violations of the Vermont Consume Fraud Act.

37. The above referenced violations of the Vermont Consumer Fraud Act resulted in damage and injury to Plaintiff.

38. As a result of VGOA's violation of the Vermont Consumer Fraud Act, Plaintiff seeks appropriate remedies from VGOA as provided in the act, including but not limited to her attorneys' fees, specifically rescission of the transaction and return of her purchase price in exchange for returning the Vehicle, reserving her right to seek other appropriate remedies as permitted under the Vermont Consumer Fraud Act in the event rescission is not available.

FILED

FEB 5 - 2016

Vermont Superior Court
Windham Unit

## COUNT TWO

### VERMONT CONSUMER FRAUD ACT
### VOLKSWAGEN AKTIENGESELLSHAFT

39. Plaintiff repeats the allegation in all preceding paragraphs.

40. The Vermont Consumer Fraud Act provides that a consumer who contracts for goods in reliance on fraudulent representations or unfair trade practices and sustains damages or injury may sue and recover from the seller or other violator equitable relief or damages or the consideration paid, plus attorneys' fees, and exemplary damages not exceeding three times the consideration paid.

41. The inclusion of the Defeat Device was an unfair trade practice in violation of the Vermont Consumer Fraud Act.

42. The misrepresentation of fuel economy and mileage estimates was a fraudulent representation and an unfair trade practice in violation of the Vermont Consumer Fraud Act.

43. Defendant VAG designed and installed the "defeat device," knowing that it would result in a misrepresentation to consumers about both mileage and emissions.

44. Defendant VAG actively participated as a seller or other violator in the above referenced violations of the Vermont Consume Fraud Act.

45. The above referenced violations of the Vermont Consumer Fraud Act resulted in damage and injury to Plaintiff.

46. As a result of VAG's violation of the Vermont Consumer Fraud Act, Plaintiff seeks appropriate remedies from VGOA as provided in the act, including but not limited to her attorneys' fees, specifically rescission of the transaction and return of her purchase price in exchange for returning the Vehicle, reserving her right to seek other

FILED

FEB 5 - 2016

Vermont Superior Court
Windham Unit

appropriate remedies as permitted under the Vermont Consumer Fraud Act in the event rescission is not available.

## COUNT THREE

### FRAUD

47. Plaintiff repeats the allegation in all preceding paragraphs.

48. VAG and VGOA intentionally misrepresented the fuel efficiency and emission information about the Vehicle and the 2015 Passat.

49. It was reasonable for Ms. Waxman to rely on the fuel efficiency and emission information advertised by VAG and VGOA for the Vehicle and considered that information as correct.

50. Ms. Waxman would not have purchased the Vehicle if she had known that the fuel efficiency as advertised by VAG and VGOA was incorrect.

51. Ms. Waxman would not have purchased the Vehicle if she had known that the emission information advertised by VAG and VGOA was incorrect.

52. By incorrectly advertising the fuel efficiency and emission information of the Vehicle VAG and VGOA defrauded Ms. Waxman.

53. As a result of these actions by VAG and VGOA, the plaintiff has suffered damages for which VAG and VGOA are liable.

54. Plaintiff seeks appropriate remedies from VGOA and VAG, including but not limited to her attorneys' fees, specifically requesting rescission of the transaction and return of her purchase price in exchange for returning the Vehicle, reserving her right to seek other appropriate remedies as permitted in the event rescission is not available.

FILED

FEB 5 - 2016

Vermont Superior Court
Windham Unit

## COUNT FOUR

### BREACH OF WARRANTY

55. Plaintiff repeats the allegation in all preceding paragraphs.

56. The fuel efficiency and emission information advertised for the Vehicle constituted warranties to all consumers, including Ms. Waxman.

57. VAG and VGOA breached those warranties for the Vehicle.

58. As a result of these actions by VAG and VGOA, the plaintiff has suffered damages for which VAG and VGOA are liable.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendants as set forth above.

Plaintiff requests a jury trial.

Dated at Brattleboro, Vermont, this 3rd day of February, 2016.

REBECCA WAXMAN,

By her attorneys,

David N. Dunn
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Ave
Brattleboro, VT 05301
(802) 257-7244 ext. 112
(802) 257-7256 (fax)
ddunn@pdsclaw.com

FILED
FEB 5 - 2016
Vermont Superior Court
Windham Unit